## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY FEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-315 |
| ) | Judge McVerry |
| ) | Magistrate Judge Bissoon |
| PENNSYLVANIA DEPARTMENT OF ) | |
| CORRECTIONS, *et al*., ) | |
| ) | |
| Defendant. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendant's Motion to Dismiss (Doc. 5) be granted without prejudice to Plaintiff's right to amend his Complaint, and that Plaintiff's "Motion for the Court to Assume Jurisdiction over Judgment Upon Default Request" (Doc. 20) be denied.

### II. REPORT

Plaintiff is a state prisoner incarcerated at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania. Plaintiff filed a "Petition for Review" in the Court of Common Pleas of Allegheny County, Pennsylvania, sometime after November 21, 2008 (the date he signed the pleading) (Doc. 1-2). Plaintiff alleges that he was subjected to the unconstitutional use of excessive force in the application of handcuffs on July 28, 2008, and he seeks relief pursuant to 42 U.S.C. § 1983.

The Court of Common Pleas of Allegheny County transferred the matter to the Court of Common Pleas of Greene County, Pennsylvania, and Plaintiff moved for default judgment. A Notice of Removal was filed on March 9, 2010 (Doc. 1). Defendant Pennsylvania Department of Corrections ("DOC") asserts that it was never properly served in the state courts, and that it

removed the case after it received notice of Plaintiff's attempt to obtain a default judgment in the state court.

Plaintiff has filed a "Response to Notice of Removal" (Doc. 4) asserting that removal was improper because he served the "Petition for Review" on the Department of Corrections by First Class United States Mail in November, 2008. Plaintiff has also filed a "Motion for the Court to Assume Jurisdiction over Judgment Upon Default Request" (Doc. 20) wherein he argues that he is entitled to a default judgment as a result of the DOC's failure to plead in the state courts.

The DOC has filed a Motion to Dismiss (Doc. 5) asserting that it has not been properly served, and additionally that it is not a proper defendant in a Section 1983 case. Plaintiff has responded to the motion (Docs. 17 and 18).

### A. **Applicable Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

### B. **Analysis.**

Plaintiff asks that the Court make a ruling with respect to Defendant's failure to plead in the state courts. Additionally, Plaintiff asserts that removal was improper in this case. Plaintiff argues in each instance that he properly served the DOC with his state court pleading in

November, 2008. If he is correct, a default occurred in the state court and the Notice of Removal was untimely.

The Court must first determine if Defendant was properly served under Pennsylvania law. Rule 402 of the Pennsylvania Rules of Civil Procedure provides that original process may be served "by handing a copy to the defendant" or "by handing a copy . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R. Civ. P. 402(a). Service is also permitted to be made by mail "[i]f a rule of civil procedure authorizes original process to be served by mail." Pa. R. Civ. P. 403. Plaintiff asserts that Pennsylvania Rule of Appellate Procedure 1514(c), applicable to a petition for review from a decision made by a governmental unit, permits service to be made by mail. Hence, Plaintiff entitled his state court pleading a "Petition for Review," and mailed a copy of that petition to the DOC.

Plaintiff's approach to service in the state courts suffers from two equally fatal flaws. First, the exception to personal service in Rule 403 applies only when a rule of **civil** procedure permits service by mail, and Plaintiff relies upon a rule of appellate procedure that is clearly not applicable to a filing in the Court of Common Pleas of Allegheny County. Second, even if Rule 1514 applied, it requires that service be made by **certified mail**. Pa. R. App. P. 1514(c). Plaintiff concedes that he did not send a copy of the state court pleading by certified mail.

Under Pennsylvania law, service of process is a mechanism by which a court obtains jurisdiction, and, therefore, the rules concerning service of process must be strictly followed. Sharp v. Valley Forge Medical Ctr. and Heart Hosp., Inc., 221 A.2d 185 (Pa. 1966). Absent valid service, a court lacks personal jurisdiction over a defendant and is powerless to enter judgment against him. U.K. LaSalle, Inc. v. Lawless, 618 A.2d 447 (Pa.Super. 1992).

Therefore, in Pennsylvania, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action. Frycklund v. Way, 599 A.2d 1332 (Pa.Super. 1991). Plaintiff did not properly serve the DOC with original process and, accordingly, he is not entitled to a default judgment under state law.

Plaintiff's failure to serve Defendant also prevents him from challenging the timing of the removal in this case. At most, Plaintiff can establish that he mailed a copy of his state court pleading to the DOC, thereby providing the DOC with actual notice of the state court action, but not with proper service. In Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999), the Supreme Court clarified that the time in which to file a notice of removal under 28 U.S.C. § 1446(b) does not begin to run until the defendant has been officially summoned to appear in the action. More specifically, the Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, **but not by mere receipt of the complaint unattended by any formal service**." Id. at 347-48 (emphasis added). Plaintiff never formally served the DOC in this case because he did not comply with Pennsylvania law regarding service of process. Plaintiff's challenge to the timeliness of the Notice of Removal necessarily fails.

Next, the DOC moves to dismiss both because it has not been served with process, and because it is not an appropriate party in a civil rights action. In fact, the DOC is an agency of the Commonwealth of Pennsylvania, 71 Pa. C.S. § 310-1, and is not amenable to suit under Section 1983 because it is not a "person" for purposes of that statute. Curtis v. Everett, 489 F.2d 516, 521 (3d Cir. 1973). Thus, the Motion to Dismiss should be granted.

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); see also Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).  Here, there is still time for Plaintiff to name appropriate parties because the statute of limitations has not run on Plaintiff's claim.  Therefore, the Court does not perceive any absolute impediment to Plaintiff amending his complaint, and he should be permitted to do so.

### III. CONCLUSION

It is respectfully recommended that Defendant's Motion to Dismiss (Doc. 5) be granted without prejudice to Plaintiff's right to amend his Complaint, and that Plaintiff's "Motion for the Court to Assume Jurisdiction over Judgment Upon Default Request" (Doc. 20) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 18, 2010.  Failure to timely file objections may constitute a waiver of any appellate rights.

May 4, 2010                                     s/Cathy Bissoon
                                                CATHY BISSOON
                                                UNITED STATE MAGISTRATE JUDGE

**Cc:**
**LEROY FEARS**
CQ-7760
S.C.I. at Greene
175 Progress Drive
Waynesburg, PA 15370