IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY FEARS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-315 |
| | ) | |
| v. | ) | District Judge Terrence F. McVerry |
| | ) | |
| DR. JEFFREY A. BEARD; *ET AL*., | ) | Magistrate Judge Cynthia Reed Eddy |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I**. **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendants' Motion for Summary Judgment (ECF. No. 95) be granted.

## II. REPORT

Plaintiff, Leroy Fears, is an inmate confined in Restricted Housing Unit for Capital inmates at the State Correctional Institution at Greene, Pennsylvania (SCI-Greene), as a result of his sexual assault and murder of a 12-year old boy. Plaintiff commenced this civil action on or about December 2, 2008, in the Court of Common Pleas of Allegheny County against various employees of the Pennsylvania Department of Corrections (DOC) for alleged violations of his First, Eighth, and Fourteenth Amendment rights. Subsequently, on March 9, 2010, the DOC removed the case to this Court pursuant to 28 U.S.C. § 1441(a) and (b). On September 10, 2010, the Defendants filed a Partial Motion to Dismiss, Brief in Support thereof, and Partial Answer to the Amended Complaint. On June 14, 2011, former Magistrate Judge Cathy Bissoon issued a Report and Recommendation recommending that the Partial Motion to Dismiss be granted in part and denied in part. The Report and Recommendation was adopted as the Order of

the Court on July 1, 2011. Accordingly, the only claims that remain in this lawsuit are Plaintiff's excessive force claim against Officer Smith and his failure to intervene claim against Sergeant Grim. Specifically, Plaintiff alleges that Correctional Officer Smith used excessive force against him while handcuffing him after exercise yard on July 28, 2008 and that Defendant Grim was aware of this and did nothing.

A. Standard of Review

Federal Rule of Civil Procedure 56(a)[1] provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); UPMC Health Sys. v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, 891 F.2d 458, 460– 461 (3d Cir. 1989) (the non-movant must present affirmative evidence -- more than a scintilla but less than a preponderance -- which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party cannot rest "solely on assertions made in the pleadings, legal memoranda, or oral argument," Berckeley Inv. Group.

---

[1] Pursuant to the 2010 amendments to the Federal Rules of Civil Procedure, the oft-cited summary judgment standard is now located in Rule 56(a) rather than 56(c), with a slight change of wording. Although the word "issue" has been replaced with "dispute," this change does not affect the substantive standard or the applicability of prior decisions construing the standard. *See* Fed. R. Civ. P. 56(a) advisory committee's note.

Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006), but must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (*i.e.*, depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. *See also* Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The inquiry, then, involves determining "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990) (quoting Anderson, 477 U.S. at 251-52). "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)).

B. Relevant Facts and Allegations

Plaintiff is a capital inmate housed in the Capital Housing Unit at SCI-Greene. The Capital Housing Unit at SCI-Greene is a Level 5 housing unit. Pursuant to DOC policy, all Level 5 inmates are handcuffed on their way to and from the exercise yard. This is for security reasons and for the safety of staff and inmates.

On July 28, 2008, Smith was assigned to L Unit as a yard officer, and his duties included handcuffing inmates at the conclusion of the exercise yard period. At approximately 7:00 a.m., Plaintiff and another capital inmate, William Wallace, were escorted outside for recreation. At the conclusion of recreation, Smith handcuffed inmate Fears so that he could be returned to his cell. At that time, Plaintiff claims that Officer Smith placed his right handcuff on too tight. Although he asserts that he was in excruciating pain as a result, Fears never said anything to Smith while Smith was cuffing him or afterwards. Plaintiff failed to complain to Defendant Smith at that time because, according to his deposition testimony, he did not want to make a big deal out of it and was concerned about retaliation from Smith. Plaintiff asserts that, instead, he complained to inmate Wallace, who was directly behind him at the time.

After Smith handcuffed Fears, Fears walked to Sgt. Grim at the end of the row and complained that his handcuffs were too tight. Grim looked at both handcuffs and determined that they appeared to be hanging loose and, consequently, were not tight. Grim also physically checked the handcuff on the left wrist. Fears never complained to Grim about pain and discomfort; he just said the cuffs were too tight. After Fears spoke with Grim, two escort officers escorted Fears to the base of the stairs, and two more officers came and took Fears to his cell. Fears did not say anything to these officers about the handcuffs being too tight. Fears experienced pain only for about an hour as a result of his right cuff being too tight.

Approximately six hours later, Fears saw two nurses during the second shift. The medical report indicates that Fears had two superficial scratches on his right wrist with no bleeding and no swelling observed. Band aids and antibiotic ointment were applied; no medications were given. A subsequent investigation into Fears' allegations determined that no excessive force was used.

## C. Liability under 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff's remaining claims arise under the Eighth Amendment, which protects individuals against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). In addition, the Eighth Amendment requires prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners, as well as at the hands of guards or other state actors. Farmer, 511 U.S. at 833.

Every Eighth Amendment claim embodies both an objective and a subjective component. The first criterion requires a plaintiff to demonstrate that he suffered a deprivation that is "objectively sufficiently serious." *Id*. In determining whether a prisoner has alleged a risk that is objectively serious, a court must consider not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency. In other words, the prisoner must show that the risk

of which he complains is not one that today's society chooses to tolerate. Helling v. McKinney, 509 U.S. 25, 35 (1993).

The second criterion, "deliberate indifference," requires that a plaintiff show that the defendant prison official had a sufficiently culpable state of mind. Farmer, 511 U.S. 828. The Supreme Court explained the deliberate indifference standard in Farmer as follows.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Farmer, 511 U.S. at 837-838 (emphasis added). Thus, in Farmer, the Supreme Court rejected an objective test for deliberate indifference. Instead, the Court adopted a subjective test that requires an inquiry into what the prison official actually knew rather than what a reasonable official in his position should have known. To defeat summary judgment, a plaintiff must present enough evidence to support the inference that the defendants knowingly and unreasonably disregarded an objectively intolerable risk of harm. Beers-Capitol v. Whetzel, 256 F.3d 120, 132 (3d Cir. 2001) (quoting Farmer, 511 U.S. at 846)).

Where the claim is one of excessive use of force, "the core judicial inquiry" as to the subjective component is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S.1, 7 (1992). "When prison officials maliciously and sadistically use force to cause harm,

contemporary standards of decency always are violated." *Id*. at 9. In such cases, a prisoner may prevail on an Eighth Amendment claim even in the absence of a serious injury so long as there is some pain or injury and something more than *de minimis* force is used. *Id*. at 9-10.

Summary judgment on an excessive force claim is appropriate where the evidence, viewed in the light most favorable to the plaintiff, does not support a reliable inference of wantonness in the infliction of pain. Whitley v. Albers, 475 U.S. 312, 322 (1986) (internal quotations omitted). The analysis turns on whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. Whitley, 475 U.S. at 320. Factors a court may consider in evaluating an excessive force claim are: 1) the need for application of the force; 2) the relationship between the need and the amount of force that was used; 3) the extent of the injury inflicted; 4) the threat to the safety of staff and inmates reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of a forceful response. *Id*. at 321.

In the instant case, Plaintiff's allegations, taken as true, establish only the *de minimis* use of force. Although he claims that he was in excruciating pain, he did not tell Smith this after he placed the handcuff on him. Nor did he say anything to Smith at any time. When he told Defendant Grim, he did not claim to be in any pain; he only stated that his cuffs were too tight. Further, the entire episode lasted only a few minutes and the pain subsided within an hour resulting in only two small abrasions. This is not sufficient for an excessive-force claim. "Not every push or shove" violates an inmate's Eighth Amendment rights. Hudson, 503 U.S. at 9 (internal citation omitted). The Eighth Amendment does not protect an inmate against an objectively *de minimis* use of force. Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002).

"Handcuffing inevitably involves some use of force," Wertish v. Krueger 433 F.3d 1062, 1067 (8th Cir. 2006), and it almost inevitably will result in some irritation, minor injury, or discomfort where the handcuffs are applied. *See* Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir.2002). To prove that the force applied was excessive in that context, therefore, a plaintiff must demonstrate something more. *See* Fisher v. City of Las Cruces, 584 F.3d 888, 898 (10th Cir. 2009) (holding that a handcuffing case requires a showing of an actual, non-*de minimis* physical, emotional, or dignitary injury to succeed on a claim); Cortez v. McCauley, 478 F.3d 1108, 1129 (10th Cir. 2007) (concluding the injury was insufficient to support an excessive force claim where defendants allegedly ignored pleas that handcuffs were too tight where the only evidence in the record was affidavit asserting that the handcuffs left red marks that were visible for days).

Unlike other cases in which courts have found that too tight handcuffs presented a triable issue of fact as to an excessive force claim, Plaintiff here did not repeatedly complain to Defendant Smith that his handcuffs were too tight and he did not ask Defendant Smith to loosen them. *See, e.g.,* Kopec v. Tate, 361 F.3d 772, 777 (3d Cir. 2004) (arrestee repeatedly requested to have handcuffs loosened and suffered permanent nerve damage to wrist); Meredith v. Erath, 342 F.3d 1057, 1060 (9th Cir. 2003) (defendant IRS agent handcuffed plaintiff and for 30 minutes refused to loosen her handcuffs); Alexander v. City of Los Angeles, 64 F.3d 1315, 1322-23 (9th Cir. 1995) (defendant officers tightly handcuffed dialysis patient and disregarded his repeated requests to loosen handcuffs).

Here, Plaintiff admits that he did not even complain to Smith about the handcuffs, although he claims he made a loud comment to inmate Wallace who was walking behind him at the time. In general, a single complaint relating to tight handcuffs is not sufficient to show that

the handcuffing constituted excessive force. *See* Sow v. Fortville Police Dept., 636 F.3d 293, 304 (7th Cir. 2011) (affirming summary judgment where the plaintiff complained only once about his cuffs being too tight but never elaborated on his complaint); Tibbs v. City of Chicago, 469 F.3d 661, 666 (7th Cir. 2006) (arresting officer entitled to summary judgment when arrestee complained that handcuffs too tight only once, experienced redness on wrists for less than two days, and did not receive medical care); Gold v. City of Miami, 121 F.3d 1442 (11th Cir. 1997) (holding that defendants were entitled to qualified immunity from an excessive force claim where plaintiff experienced pain from the handcuffs for roughly twenty minutes and suffered only skin abrasions). Moreover, there is no evidence that Defendant Smith was aware of Plaintiff's pain from the handcuffs. These facts simply are not sufficient to raise a genuine issue of material fact regarding whether Smith used excessive force. Accordingly, Smith is entitled to summary judgment as to this claim.

Plaintiff also seeks recovery against Defendant Grim on his claim of failure to intervene. In this regard, a corrections officer's failure to intervene in a beating can be the basis for liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and refused to do so. Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). While an officer may not knowingly use handcuffs in a way that will inflict unnecessary pain or injury, a reasonable officer cannot be expected to accommodate an injury that is not apparent or that otherwise has not been made known to him. Sow v. Fortville Police Dept., 636 F.3d 293, 304 (7th Cir. 2011); Stainback v. Dixon, 569 F.3d 767, 773 (7th Cir. 2009); Rascon v. Hardiman, 803 F.2d 269, 276 (7th Cir. 1986) (mere negligence in failing to perceive that other officers were inflicting illegal summary punishment rather than using lawful force to subdue a violent inmate does not support liability under § 1983); Taylor v. Kveton, 684 F. Supp. 179, 183

n. 6 (N.D. Ill. 1988) (noting, in granting an officer summary judgment on his failure to intervene to loosen the plaintiff's too-tight handcuffs, that there was no evidence that the officer was aware the handcuffs were too tight).

In this case, the facts are similar to the facts in Davidson v. Murray, 371 F.Supp.2d 361, 376 (W.D.N.Y. 2005). In that case, the prisoner alleged that a guard who was escorting him from his cell to another part of the prison handcuffed him tightly and twisted and yanked his wrists and arms and then placed his body weight onto the prisoner's back when he pressed the prisoner's face into a corner of an elevator. The court granted the defendant's motion for summary judgment, finding that the prisoner had not raised a triable issue of fact as to either the objective or the subjective prong of his excessive force claim. Specifically, the court concluded that the incident was not sufficiently serious or harmful enough to constitute excessive force in violation of the Eighth Amendment and that, although the prisoner allegedly suffered "intense pain," there was no medical evidence to support his claims, and no evidence to show that the officer used force maliciously and sadistically to cause harm.

Similarly, in the instant action, no reasonable jury could find Grim's actions objectively unreasonable. When Plaintiff complained about his handcuffs, Grim observed them and found that they were hanging loosely. Plaintiff is a capital inmate and guards must exercise extreme caution whenever moving him throughout the institution. There is no evidence to support any claim that Grim should have untightened the handcuffs at that time. Moreover, the handcuffs were removed only minutes later. Plaintiff admits that the pain subsided within an hour after the incident and his only injuries were superficial scratches. No reasonable jury could find Grim liable for failure to intervene based on these facts. Thus, he is entitled to summary judgment as to this claim. See Stainback, 569 F.3d at 773 (holding that a reasonable officer cannot be

expected to accommodate an injury that is not apparent or that otherwise has not been made known to him). Federal courts are not overseers of the day-to-day management of prisons and cannot become embroiled in every trivial claim made by the thousands of prisoners within their jurisdictions. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974).

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that Defendants' Motion for Summary Judgment (ECF No. 95) be granted.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

November 2, 2012

                                      /s Cynthia Reed Eddy
                                      Cynthia Reed Eddy
                                      United States Magistrate Judge

Leroy Fears
CQ-7760
S.C.I. at Greene
175 Progress Drive
Waynesburg, PA 15370